IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION    2008 OCT 31  AM 10: 14

CLERK R. Auk
SO. DIST. OF GA.

| | |
|---|---|
| HARRY LYDE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: CV208-036 |
| ) | |
| ALEXIS CHASE, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Harry Lyde ("Lyde"), who is currently incarcerated at the Glynn County Detention Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Glynn County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss, as supplemented. Lyde filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Lyde was convicted after a jury trial in the Glynn County Superior Court of two (2) counts aggravated child molestation and two (2) counts child molestation on March 3, 2006. (Doc. No. 19-2, pp. 4-5). Lyde was sentenced on March 9, 2006, to twenty (20) years' imprisonment on the child molestation counts and to thirty (30) years' imprisonment on the aggravated child molestation counts, to be served concurrently. (Id. at 6-9). Lyde's retained counsel, Tony Axam and Lynn Whatley, filed a motion for

new trial on March 9, 2006. (Resp't's Ex. 2). Lyde filed a petition for writ of habeas corpus in Baldwin County Superior Court on March 4, 2008.

In the instant petition, which was filed on March 3, 2008, Lyde contends local, state, and federal entities conspired to imprison him for a long period of time or to kill him. Lyde also contends he was indicted three or four times by the grand jury, and his indictment was improper because "Harry Lyde, Junior does not exist." (Doc. No. 1, p. 4). Lyde asserts the judge presiding over his trial allowed prosecution witnesses to remain in the courtroom and convened an all white jury except for one juror who was a friend of "Detective Lethal Jackson." (Id.) Lyde alleges the venue in which he was tried is comprised of white people. Lyde also alleges his trial counsel erroneously limited the cross-examination of Detective Jackson. Lyde further alleges he is a qualified individual under the Americans with Disabilities Act ("ADA") and he did not have a hearing to determine whether he could stand trial given that he had "contracted shingles in my eye and sleep apnea along with other disabling factors, including sexual[ly] transmitted diseases[.]" (Id. at 6). Lyde asserts the State did not allow the alleged victim's diaries to be admitted at trial and the court did not allow him to challenge witnesses' claims to events which occurred 10 to 20 years ago. Lyde contends the grand jury was selected too late according to the Unified Courts Act of Georgia. Lyde also contends the judge allowed the assistant district attorney to cry in the courtroom and conducted a jury tampering hearing, which resulted in a member of Lyde's family being removed from the courtroom. Lyde further contends he has not communicated with his attorneys in almost two (2) years and that they abandoned his case. Lyde alleges the State of Georgia has stopped sending him Social Security Disability checks, which has left him

bankrupt. Lyde avers he has been refused proper medical treatment during his incarceration and that the grievance procedures have been sabotaged. (Id. at 12). Lyde alleges his sentence is tantamount to a death sentence, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Respondent contends Lyde's petition should be dismissed due to his failure to exhaust his state remedies.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent asserts Lyde's retained counsel filed a timely motion for new trial in the Glynn County Superior Court, which still was pending at the time he filed this petition. Respondent alleges the trial transcript, consisting of six volumes and nearly 1400 pages, was completed on April 23, 2008, and that Lyde's counsel indicated his intention to file an amendment to the motion for a new trial after receipt of the trial transcript. Respondent contends Lyde's convictions are not yet "final" under Georgia law because his criminal case is not completed. Respondent also contends Lyde's numerous grounds for relief are unexhausted, as he has state remedies available to him. Respondent avers Lyde's state habeas petition was dismissed by the Baldwin County Superior Court on June 11, 2008, because Lyde prematurely filed his state habeas corpus petition. Lyde contends the State has inordinately delayed in ruling on his case, which has resulted in a due process violation. Lyde also contends he has exhausted his state court remedies.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) and (c).

AO 72A
(Rev. 8/82)

"The exhaustion requirement is grounded in principles of comity and reflects a desire to protect the state courts' role in addressing alleged violations of state prisoners' federal rights." Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). "Although the exhaustion requirement is not jurisdictional, there is a "'strong presumption in favor of requiring the prisoner to pursue his available state remedies.'" Id. (quoting Castille v. Peoples, 489 U.S. 346, 349 (1989)). The Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation omitted).

The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The Supreme Court stated that this requirement is to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

Lyde's attorneys filed a motion for new trial in the Glynn County Superior Court on March 9, 2006. The Honorable Stephen G. Scarlett ordered that a hearing be

AO 72A
(Rev. 8/82)

4

conducted on this motion on July 15, 2008.[1] (Resp't's Ex. 9). Assuming Judge Scarlett enters an order denying Lyde's motion, Lyde can file a notice of appeal with the Georgia Court of Appeals or Supreme Court within thirty (30) days of Judge Scarlett's order. See O.C.G.A. §§ 5-6-37 and 38. Lyde has failed to receive an order disposing of his motion for new trial, nor has he filed an appropriate appeal in a Georgia appellate court. It is clear Lyde did not exhaust his state court remedies prior to filing this federal habeas corpus petition.

Lyde's assertion that the Glynn County Superior Court has delayed ruling on his motion for a new trial such that he has exhausted his state court remedies is unavailing. See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (noting that the exhaustion of state remedies may be excused in a situation where there has been "unreasonable, unexplained delays in acting on a petitioner's motion for state relief."). The evidence before the Court indicates a hearing was conducted on Lyde's motion for new trial, and Judge Scarlett has yet to enter an order on that motion. Lyde has not shown the state court has unreasonably delayed ruling on his motion to excuse the exhaustion requirement. See id. (finding a three and one half year delay in the state courts insufficient to excuse exhaustion); cf. Cail v. Smith, 2006 WL 566106, at *4 (S.D. Ga. March 6, 2006) (finding a nine-year plus "standstill" in the petitioner's state case an inappropriate basis upon which to grant the motion to dismiss for failure to exhaust state remedies).

---

[1] The information available to the undersigned indicates Judge Scarlett has not yet entered an order on Lyde's motion for new trial.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Lyde's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 31st day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE